```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDGAR FLOWERS,                       :    CIVIL NO. 4:06-CV-01735
                                     :
          Plaintiff                  :    (Judge McClure)
                                     :
     v.                              :    (Magistrate Judge Smyser)
                                     :
CATHERINE MCVEY,                     :
MICHAEL GREEN,                       :
JEFFREY IMBODEN,                     :
BENJAMIN MARTINEZ,                   :
GERARD MASSARO,                      :
SEAN RYAN,                           :
MICHAEL WEBSTER,                     :
LLOYD WHITE,                         :
JEFFREY A. BEARD and                 :
ROBERT SHANNON,                      :
                                     :
          Defendants                 :
```

## REPORT AND RECOMMENDATION

The plaintiff, a prisoner proceeding *pro se,* commenced this action by filing a complaint on September 5, 2006. On October 23, 2006, the plaintiff filed an amended complaint. on January 8, 2007, the plaintiff filed a second amended complaint.

The second amended complaint names as defendants: 1) Catherine McVey, the Chairperson of the Pennsylvania Board of Probation and Parole (Board); 2) Michael Green, a Board member; 3) Jeffrey Imboden, a Board member; 4) Benjamin Martinez, a Board member; 5) Gerard Massaro, a Board member; 6) Sean Ryan, a Board member; 7) Michael Webster, a Board member; 8) Lloyd White, a Board member; 9) Jeffrey Beard, the Secretary of the Pennsylvania Department of Corrections (DOC); and 10) Robert Shannon, the Superintendent at the State Correctional Institution at Frackville (SCI-Frackville).

The plaintiff claims that he was arbitrarily denied parole, that he was denied a recommendation for parole from DOC staff in retaliation for legal activities, that he was incarcerated in overcrowded and unsafe conditions including that he was forced to share a cell with other inmates, that he was denied appropriate medical care, that DOC staff opened his mail, that he was denied access to the courts, that his free speech rights were violated and that he was subjected to illegal searches and seizures.

2

On March 30, 2007, the defendants filed a motion to dismiss the complaint, and on April 11, 2007, they filed a brief in support of that motion. After requesting and receiving an extension of time, the plaintiff filed a brief in opposition to the motion to dismiss on July 10, 2007. The defendants have not filed a reply brief.

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint; the court must decide whether, even if the plaintiff were able to prove all of his allegations, he would be unable to prevail. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In connection with a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the burden is on the moving party to show that there is no actionable claim. *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980). When deciding a motion to dismiss, the court must accept all material allegations of the complaint as true and draw all inferences in the light most favorable to the plaintiff. *Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991). However, "conclusory allegations of

3

law, unsupported conclusions and unwarranted inferences need not be accepted as true." *Id*. at 449-50.

The defendants contend that they are entitled to absolute immunity from the plaintiff's claims for damages for the denial of his parole.

"While § 1983 makes no mention of an immunity defense, an official is immune from a § 1983 suit if she was 'accorded immunity from tort actions at common law when the Civil Rights Act was enacted in 1871.'" *Williams v. Consovoy,* 453 F.3d 173, 178 (3d Cir. 2006)(quoting *Malley v. Briggs,* 475 U.S. 335, 340 (1986)). In addition, "[e]ven if an official did not enjoy absolute immunity at common law, she may still be entitled to immunity if she performs "special functions" that are similar or analogous to functions that would have been immune when Congress enacted § 1983." *Hughes v. Long,* 242 F.3d 121, 125 (3d Cir. 2001). "This "functional approach" looks to the nature of the function performed, not the identity of the actor who performed it and evaluates the effect that exposure to particular forms of liability would likely have on the

4

appropriate exercise of that function." *Id.* "The official seeking immunity bears the burden of showing that it is justified by the function in question." *Id.*

Parole Board members are entitled to absolute, quasi-judicial immunity when they perform adjudicatory duties. *Thompson v. Burke*, 556 F.2d 231, 236 (3d Cir. 1977); *Harper v. Jeffries*, 808 F.2d 281, 284 (3d Cir. 1986). Decisions of Board members to deny parole are adjudicatory in nature, and Board members are entitled to absolute immunity from suits for damages for decisions denying parole. *Patterson v. Von Riesen,* 999 F.2d 1235, 1239 (8th Cir. 1993). As one court has explained:

> We believe that parole board officials perform functionally comparable tasks to judges when they decide to grant, deny, or revoke parole. The daily task of both judge and parole board officials is the adjudication of specific cases and controversies. Their duty is often the same: to render impartial decisions in cases and controversies that excite strong feelings because the litigant's liberty is at stake. They face the same risk of constant unfounded suits by those disappointed by the parole board's decisions.
> Judge enjoy absolute immunity from civil rights suits in order to keep the judicial

5

>     decision-making process pristine. As noted
>     earlier, we expect and require the judge to be
>     an impartial fact finder.  When he or she
>     weighs the merits of a case, we do not want the
>     scales to be tipped by fear of litigation.  The
>     adjudicatory process simply could not work if
>     the adjudicator had to anticipate a possible
>     lawsuit from every dissatisfied litigant.
>          We believe that the same degree of
>     protection must be accorded to the decision-
>     making process of parole board officials.  Just
>     as the decision-making process of judges must
>     be kept free from fear, so must that of parole
>     board officials.  Without this protection,
>     there is the same danger that the decision-
>     maker might not impartially adjudicate the
>     often difficult cases that come before them.
>     If parole board officials had to anticipate
>     that each time they rejected a prisoner's
>     application for parole, they would have to
>     defend that decision in federal court, their
>     already difficult task of balancing the risk
>     involved in releasing a prisoner whose
>     rehabilitation is uncertain against the
>     public's right to safety would become almost
>     impossible.  Furthermore, time spent in
>     depositions and on the witness stand defending
>     their actions would leave these overburdened
>     public servants with even less time to perform
>     their crucial tasks.
>          To be sure, absolute immunity for parole
>     board officials does leave the genuinely
>     wronged prisoner without civil redress against
>     the official whose malicious or dishonest
>     actions deprive the prisoner of liberty.  But
>     qualifying that immunity would disserve the
>     broader public interest.

*Sellars v. Procunier*, 641 F.2d 1295, 1302-03 (9th Cir. 1981).

The plaintiff claims that the Board defendants wrongfully denied him parole.  In deciding to deny parole, the Board defendants were performing adjudicatory duties. Accordingly, the Board defendants - defendants McVey, Green, Imboden, Martinez, Massaro, Ryan, Webster and White - are entitled to absolute immunity from the plaintiff's claims for damages based on the denial of parole.

We note that the plaintiff argues that the defendants are not entitled to absolute immunity because they exceeded their statutory authority, because their actions were not sanctioned by state law and because their actions violated his constitutional rights.  Although an official acting outside his or her jurisdiction loses immunity, an official does not act outside his or her jurisdiction simply because the official makes an unconstitutional or unlawful decision. *Patterson, supra,* 999 F.2d at 1239.  As long as the subject matter of the decision was within the official's power and the official was acting in his or her official capacity at the time of the decision, the official does not exceed his or her jurisdiction. *Id.* "The decision about whether or not to grant parole is at

7

the heart of a parole board member's jurisdiction, whether that decision is based on lawful or unlawful considerations." *Id.* The Board defendants are absolutely immune from any damages flowing from their decision to deny the plaintiff parole.[1]

Defendants Beard and Shannon contend that the plaintiff has not alleged with any specificity how they were involved in the decision on his parole application but that they nevertheless are entitled to absolute immunity from the plaintiff's damages claim relating to the denial of parole because their function would be adjudicatory or judgmental. We conclude that at this point we can not determine whether defendants Beard and Shannon are entitled to absolute immunity and that their contention that the plaintiff has not alleged with specificity how they were involved in the decision on his parole application is better considered in connection with

---

[1] We note that the only relief that the plaintiff seeks in his second amended complaint is damages. In addition to arguing that the plaintiff's claims regarding the denial of parole are barred by absolute immunity, the defendants argue the plaintiff's claims regarding the denial of parole are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny. Given that we have concluded that the Board defendants are entitled to absolute immunity on the plaintiff's claims regarding the denial of parole, we do not consider the defendants' argument regarding *Heck.*

8

their contention that the second amended complaint fails to allege personal involvement on their part rather than in connection with an absolute immunity analysis.

The defendants contend that the second amended complaint should be dismissed because the plaintiff has failed to allege that any of them was personally involved in the alleged violations of his rights.

"It is, of course, well established that a defendant in a civil rights case cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. Ex. Rel. Z.H. Oliva*, 226 F.3d 198, 201 (3rd Cir. 2000). "There is no vicarious, respondeat superior liability under § 1983." *Id.* at 202. Liability under 42 U.S.C. § 1983 may only be based upon a defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). The complaint must contain averments of the involvement of the defendants in the conduct which caused a violation of the plaintiff's constitutional rights. *Rode v.*

*Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  A 42 U.S.C. § 1983 action against state supervisory officials requires allegations that the defendants actually participated in or had actual knowledge of and acquiesced in the events forming the basis of the claims. *Egan v. Concini*, 585 F. Supp. 801, 804 (M.D. Pa. 1984).

As to the Board defendants, the plaintiff has failed to allege that they were personally involved in any of the events underlying any of his claims other than the denial of parole. As indicated above, the Board defendants are entitled to absolute immunity on the plaintiff's claims against them based on the denial of parole.  Accordingly, it will be recommended that the Board defendants be dismissed.

As to defendants Beard and Shannon, the plaintiff alleges that they "had command and control over their subordinates committing the acts alleged herein and by their conspiracy, concert of action, collaboration, intentional failure to discover, silent complicity, implied or passive consent, overlooking and condoning actually directed or

approved the illegal conduct of their subordinates against Plaintiff." *Second Amended Complaint at ¶20.* Despite this allegation, the plaintiff has not alleged how defendants Beard and Shannon were personally involved in the denial of his parole. Accordingly, it will be recommended that the plaintiff's claims regarding the denial of parole be dismissed as to defendants Beard and Shannon. However, we reach a different conclusion with respect to the plaintiff's claims regarding the conditions of his confinement at SCI-Frackville.[2] The plaintiff may or may not be able to establish personal involvement on the part of defendants Beard and Shannon in the actions and events underlying is conditions of confinement claims. However, accepting the allegations of the complaint as true and drawing all inferences in the light most favorable to the plaintiff, as we must when deciding a motion to dismiss, we can not say that the plaintiff has failed to allege personal involvement on the part of defendants Beard and Shannon with regard to those claims.

---

[2] We when refer to the plaintiff's conditions of confinement claims, we are referring to all of the plaintiff's claims other than his claims that he was wrongfully denied parole.

11

Based on the foregoing, it is recommended that the defendants' motion (doc. 43) to dismiss be granted in part and denied in part.  It is recommended that all claims against defendants McVey, Green, Imboden, Martinez, Massaro, Ryan, Webster and White be dismissed and that the plaintiff's claims regarding the denial of parole be dismissed as to defendants Beard and Shannon.  It is recommended that the motion to dismiss otherwise be denied.  Finally, it is recommended that the case be remanded to the undersigned for further proceedings.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  August 22, 2007.