IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDGAR FLOWERS, | No. 4:06-CV-01735 |
| Plaintiff, | |
| v. | (Judge McClure) |
| CATHERINE MCVEY, et al | |
| Defendants. | |

**ORDER**

September 18, 2007

FILED
WILLIAMSPORT
SEP 18 2007
PER _____
DEPUTY CLERK

**BACKGROUND:**

Plaintiff is a pro se prisoner who filed this present action on September 5, 2006. On January 8, 2007, plaintiff filed a second amended complaint in which he made the following claims: (1) that he was arbitrarily denied parole; (2) that he was denied a recommendation for parole from the Department of Corrections ("DOC"); (3) that he was forced into an unsafe and overcrowded prison condition by being placed in a "double cell"; (4) that he was denied appropriate medical care; (5) that his free speech rights were violated; and (6) that he was subjected to illegal searches and seizures. Plaintiff sued several members of the Pennsylvania Board of Probation and Parole ("Board"), and also Jeffrey Beard, the Secretary of

1

the Pennsylvania Department of Corrections ("DOC") and Robert Shannon, the Superintendent at the State Correctional Institution at Frackville.

This matter was initially referred to United States Magistrate Judge J. Andrew Smyser.

On August 22, 2007, the magistrate judge issued his thorough twelve-page report and recommendation recommending dismissal of plaintiff's claims against the Board members. The magistrate judge recommends, however, that plaintiff's case be allowed to proceed against defendants Beard and Shannon. Defendants Beard and Shannon filed objections to this recommendation, arguing that plaintiff has failed to allege that they had any personal involvement in the events underlying his claims. Plaintiff has also filed objections, and has also filed a motion for leave to file an amended complaint in an attempt to remedy the defects noted in both the magistrate judge's report and recommendation and also in defendants' objections. For the following reasons, we will adopt in part the magistrate's report and recommendation, sustain defendants Beard and Shannon's objections, deny plaintiff's motion for leave to file an amended complaint, and dismiss this matter in its entirety.

**DISCUSSION:**

A district court reviews de novo those portions of a magistrate judge's

2

report and recommendation to which a party objects. L.R. 72.3. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

We agree with the magistrate judge that the claims against the Board member defendants - Catherine McVey, Michael Green, Jeffrey Imboden, Benjamin Martinez, Gerard Massaro, Sean Ryan, Michael Webster, and Lloyd White - should be dismissed. These defendants all enjoy absolute immunity from plaintiff's claims for damages, and plaintiff's argument suggesting otherwise are unavailing. In addition, plaintiff's parole denial claims against defendants Beard and Shannon should also be dismissed because plaintiff has failed to allege that either of these defendants had any personal involvement in the denial of his parole. We will not rehash the sound reasoning used by the magistrate judge in reaching these recommendations.

We disagree, however, that plaintiff's other claims against Beard and Shannon should proceed. To sustain plaintiff's 42 U.S.C. § 1983 claims against Beard and Shannon, he must allege that they were personally involved in the alleged wrongdoing. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). After reviewing plaintiff's second amended complaint, we find that plaintiff fails to allege sufficient facts to establish that Beard and Shannon had any personal

3

involvement with the alleged civil rights violations suffered by the plaintiff. Alleging simply that defendants had "control" over their subordinates is not enough to allege personal involvement in the alleged wrongdoing. For this reason, we will dismiss plaintiff's claims against Beard and Shannon.

Likewise, we will not permit plaintiff to file a third amended complaint. After reviewing his almost indecipherable proposed amended complaint, it appears plaintiff intends to merely add boilerplate language in the hope that he will be able to manufacture allegations of Beard and Shannon's personal involvement. Such boilerplate language is not sufficient to support plaintiff's claim against Beard and Shannon. Normally, we grant wide latitude to pro se litigants when considering a motion for leave to file an amended complaint. In this case, however, plaintiff has already had several opportunities to amend his pleading.[1] This fourth attempt adds no significant value to the substance of his claims, and therefore will be denied.

---

[1] On March 14, 2007, plaintiff filed a third amended complaint, which was stricken from the record because he failed to obtain leave of court. (Rec. Doc. No. 37 and 38.)

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. United States Magistrate Judge J. Andrew Smyser's Report and Recommendation is adopted in part. (Rec. Doc. No. 67.)

2. Plaintiff's claims against the parole board defendants are dismissed.

3. Defendants Jeffrey Beard and Robert Shannon's objections to the magistrate judge's report and recommendation are sustained.

4. Plaintiff's remaining claims against Beard and Shannon are dismissed.

5. Plaintiff's motion for leave to file an amended complaint is denied.

6. The clerk is directed to close the case file.

7. Any appeal from this order is not taken in good faith.

                                                    s/ James F. McClure, Jr.
                                                    James F. McClure, Jr.
                                                    United States District Judge